IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| AMANDA HOLT,<br><br>        Plaintiff,<br><br>  vs.<br><br>MILAN LASER CORPORATE LLC,<br>a limited liability company,<br><br>        Defendant. | )<br>)<br>)<br>)    Case No:<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

NOW COMES, plaintiff, Amanda Holt by and through her attorney Stephen T. Fieweger, P.C. and for her complaint at law against the defendant Milan Laser Corporate LLC, a limited liability company (hereinafter referred to as "Milan") and for her complaint at law hereby states as follows:

1.    That Amanda Holt at all times relevant to this cause of action was a resident of Davenport, Scott County Iowa.

2.    That the defendant Milan is doing business in Davenport, Scott County Iowa.

3.    That Amanda was employed by Milan as an administrative and marketing assistant at Milan's Davenport, Iowa office.

4.    That this court has subject matter jurisdiction over this cause of action pursuant to 29 USC §1331 and the American Disability Act 42 USC §11101 et. seq.

5.    That Amanda is a person with a disability in that she has complete hearing loss in her right ear and has vertigo.

6.      That Amanda had informed Milan that she was a person with a disability and in Amanda's online application received by Milan showed she was a person with a disability.

7.      That Amanda has filed her charge of discrimination in a timely manner and has received a right to sue letter. **Exhibit 1**, a true and correct copy of the dismissal and notice of right to sue letter issued June 3, 2019 and received June 5, 2019 is attached hereto and made a part of this complaint.

8.      That the defendant Milan discriminated against Amanda on the basis of her disability by placing her on a final written warning on November 15, 2018 for her alleged violation of Milan's attendance policy.

9.      That Amanda at that time had only incurred two absences from work which occurred as a result of symptoms of her disability and in each instance Amanda had already been at work and needed to leave work due to her disability.

10.      That despite the fact that Milan had a progressive discipline policy with respect to attendance which required first a counseling, then a written warning, and then a final warning, Milan placed Amanda on a final warning concerning her attendance without any prior steps.

11.      That on December 4, 2018 Milan refused to accommodate plaintiff's known disability by allowing plaintiff breaks during times in which Amanda was suffering from vertigo.

12.      That on January 7, 2019 Milan terminated Amanda claiming that she had experienced continued excessive absences after November 15, 2018. The reason for termination is pretext for disability discrimination in that the only absence Amanda had were on October 9,

2018 and November 10, 2018 and those absences were used by Milan to place Amanda on a final written warning.

13.     That Amanda has been treated differently than similarly situated non-disabled persons in that these other employees have been allowed time off work by the manager Erica List.

14.     That Amanda's termination for alleged excessive absenteeism is pretextual in that she was not absent after being given the final written warning letter and in addition similarly non-disabled employees were allowed by the manager of the facility Erica List to repeatedly miss work without any discipline imposed.

15.     As a direct result of Milan's disability discrimination Amanda has suffered damages equal to lost back pay, she has suffered compensatory damages including severe emotional distress, aggravation of her medical conditions including her vertigo and she is entitled to recover her attorney's fees, expert witness fees and the costs of this action.

16.     That the defendant's actions were willful and malicious in that Milan has maintained that Amanda does not have a disability, that Amanda did not notify her of the disability despite the fact that her employee profile showed that Amanda had reported a disability to them and that Milan had posted Amanda's job on job board websites two days after Amanda was given the November 15, 2018 final written warning, thereby entitling Amanda to recover punitive or exemplary damages against the defendant Milan.

WHEREFORE, plaintiff Amanda Hold hereby requests this court enter a judgment in her favor and against the defendant Milan Laser Corporate LLC, and award her back pay, lost back

3

pay, front pay to age 67 an award of compensatory damages, an award of punitive damages and recovery of her attorney's fees, expert witness fees and the costs of this action.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Amanda Holt, Plaintiff

/s/ Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone:  563.424.1982
Fax:  563.424.1983
Email:  sfieweger@fiewegerlaw.com

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Amanda Holt
2915 W 49th Street
Davenport, IA 52806

From: Milwaukee Area Office
310 West Wisconsin Ave
Suite 500
Milwaukee, WI 53203

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL. (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-01968 | Shannon M. Lemke, Investigator | (414) 297-3990 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

JUN 0 3 2019
(Date Mailed)

Enclosures(s)

cc: HR Director
MILAN LASER HAIR REMOVAL
17645 Wright Street
Omaha, NE 68130

Marcia A. Washkuhn
KUTAK ROCK LLP
303 Peachtree Street NE
Suite 2750
Atlanta GA 30308-3201

Stephen T. Fieweger, Esq.
STEPHEN T. FIEWEGER LAW
5157 Utica Ridge Road
Davenport, IA 52807

**EXHIBIT 1**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*